### SARAH T. VINCENT *vs.* NATHANIEL S. SPOONER.

Previous to the marriage of I. V. with S. T. C., an indenture of three parts, sealed by the parties, was made and executed by and between I. V. of the first part, V. B. of the second part, and S. T. C. of the third part: I. V. therein covenanted and agreed with V. B., that in the event of the marriage taking place, and his wife's surviving him, he would "by his last will or otherwise," make a certain specified provision for her, by the payment of a gross sum to V. B., and by payment or giving security for the payment to him of a further sum yearly during the widowhood of the intended wife, for her use, and to be paid to her by V. B. instead and in satisfaction of dower in the real and of any distributive share of the personal estate of I. V.: V. B. covenanted and agreed with I. V, that he would accept the trust, and receive and pay over the money, for the use and benefit of S. T. C.; and the latter covenanted and agreed with I. V. and V. B. that in case the marriage took place, and she should survive I. V., and the money above mentioned should be provided to be paid and actually paid, and the annuity well and sufficiently secured and provided to be paid, as stipulated in the indenture, the same should be in full satisfaction of her dower in the estate of I. V., and should bar her from claiming the same, if she should survive him, and should also be a bar to any claim on her part of any share in his personal estate, unless given her by his will: The marriage took place, and I. V. died leaving a will in which no reference was made to the indenture, but which contained a general direction for the payment of the testator's debts and the performance of his obligations: The executor of I. V., within the time stipulated in the indenture, made the payments and gave the security therein specified to V. B., for the benefit of the widow, who refused to receive the same, but made a demand of dower in the real estate of I. V., and brought her action therefor: It was held, that, by the indenture, a pecuniary provision was made for the benefit of the demandant, in lieu of dower, and assented to by her, within the provisions of the Rev. Sts. *c.* 60, §§ 8, 9, by which the demandant was barred of her right of dower in all the lands of her husband.

THIS was an action by the demandant, to recover dower in a certain messuage, of which her late husband, Isaac Vincent, died seized, and of which the tenant was in possession, as his executor

It was admitted by the tenant, that the demandant was the lawful wife of Isaac Vincent; that during the coverture the husband was lawfully seized of the premises described in the writ; that he died seized thereof; that the demandant duly demanded to have her dower assigned to her in the premises, before the commencement of this suit; and that the demandant would be entitled to recover, if she had not barred herself of dower by means of an ante-nuptial contract with her late husband, and the proceedings of the tenant under and pursuant to the same.

It was agreed, that, prior to the demandant's marriage with Vincent, namely, April 15th, 1844, an indenture of three parts, under the seals of the parties, was made and executed between Vincent, of the first part, Valentine Bradford, of the second part, and the demandant, then Sarah T. Cushman, of the third part, by which Vincent, in consideration of the marriage to be had and solemnized between him and the demandant, covenanted with Bradford, as trustee, that, in the event of the marriage taking place, and the demandant's surviving him, he " will cause to be paid and secured to the said Valentine, by his last will or otherwise, the sum of one thousand dollars, to be paid to the said Valentine or his said successors, within ten months after the decease of the said Vincent, and will further cause to be paid or secured to him, the said Valentine, the further sum of five hundred and fifty dollars, to be paid him yearly and every year during the widowhood of the said Sarah T. : In special trust, nevertheless, that he, the said Valentine, or such of his said successors, shall receive and hold said sum of money in gross, and such annual payments for the sole use and benefit of the said Sarah T. Cushman, to be faithfully paid over to her on receiving the same, as above provided, instead of and in satisfaction of all dower which said Sarah T. might be entitled to out of the estate of the said Vincent, and instead of and in satisfaction of all or any distributive share. in the personal estate of which said Vincent may die seized, and which she might otherwise claim under the statute of distributions."

Bradford, the party of the second part, covenanted and agreed with Vincent, and with his heirs, executors and administrators, " that, said marriage being solemnized, and in the event of the survivorship of said Sarah **T.** after the decease of said Vincent, he will accept of the trust aforesaid, and will receive the said sum of money so agreed to be paid to him as aforesaid, as trustee to the said Sarah **T.**, and the several sums of money which shall afterwards be paid him annually as aforesaid, and will faithfully pay over the same on the receipt thereof at the respective times aforesaid, for the use and benefit of said Sarah **T.**, so that she shall have the full enjoyment thereof in full of her dower and her distributive share in the estate of said Vincent, as before provided in said trust."

The demandant, on her part, covenanted and agreed " with the said Vincent, and with the said Valentine, both jointly and severally, that the said marriage being solemnized, and she surviving the said Vincent, and said sum of one thousand dollars being provided to be paid and actually paid as above covenanted and agreed by said Vincent, to the said Valentine or to his successor as trustee as aforesaid, within ten months, after the decease of said Isaac, and the said annual sum of five hundred and fifty dollars, being well and sufficiently secured and provided to be paid by the said Isaac to the said Valentine, as trustee as aforesaid, the same shall be in full satisfaction of her dower in his estate, and shall bar her from claiming the same if she shall survive him after said marriage : And further, that if the said marriage be had and she survive him, she will not claim or demand any share in his personal estate, under the statute of distributions or otherwise, but the payment of said sum in gross, and the providing security for the payment of said annual sums to said Valentine, as aforesaid, shall be a bar, to all intents and purposes, to her claiming or having any part of his personal estate, after his decease, unless some part thereof be given to her by his will, or some act of his be done after the execution hereof."

Isaac Vincent died on the 5th of April, 1846, having made

a will, which was duly proved, approved and allowed, and of which the tenant was duly appointed the executor, the co-executors named therein having declined the trust.

The will contained no particular reference to the ante-nuptial settlement, but only a general direction to the executors, for the payment of the testator's debts and the performance of his obligations.

Upon the tenant's assuming the trust of executor, he duly notified the demandant, and Bradford, the trustee, of his readiness to perform all the stipulations of the ante-nuptial contract.

Within ten months after the decease of the said Isaac, namely, on the 1st day of February, 1847, the tenant paid Bradford, trustee as aforesaid, the sum of one thousand dollars, which was accepted by Bradford, in his capacity of trustee, and by him thereupon duly tendered to the demandant, and upon her refusal to receive the same, was by him specially deposited in the Bedford Commercial Bank.

On the same day, the tenant duly executed and delivered to Bradford a bond with sufficient sureties, namely, Paul Spooner and Jireh Swift, conditioned for the faithful and prompt payment of the annuity of five hundred and fifty dollars, stipulated to be paid in the ante-nuptial contract, yearly and every year during the widowhood of the demandant; and on the same day the tenant executed and delivered to Bradford, as such trustee, a mortgage deed of certain premises therein described, the value of which, as returned by the appraisers upon Vincent's estate into the probate office, was fourteen thousand dollars, to secure the faithful performance of the condition of the bond. The bond and mortgage were duly accepted by the trustee as sufficient security for the payment of the annuity, and the mortgage was duly recorded in the registry of deeds.

Within one year after the decease of Isaac Vincent, namely, on the 25th day of March, 1847, the tenant paid the trustee the sum of five hundred and fifty dollars, pursuant to the terms of the contract, which was also received by the trustee, and by him duly tendered to the demandant, and upon her

refusal to receive the same, was, by the trustee, specially deposited in the Bedford Commercial Bank.

. If, upon the foregoing facts, the whole court should be of opinion, that the demandant is not entitled to dower in the estate of the said Isaac, she is to become nonsuit. If the court should be of opinion, that she is entitled to dower, the same is to be assigned to her, according to an agreement entered into between the parties.

The cause was argued by *T. G. Coffin,* for the demandant, and by *B. R. Curtis,* and *J. H. Clifford,* for the tenant.

The counsel for the demandant referred to *Haymer* v. *Haymer,* 2 Ventris, 343; *Babcock* v. *Smith,* 22 Pick. 61; *Tabb* v. *Archer,* 3 Hen. & Munf. 399; *Randall* v. *Morgan,* 12 Ves. 67; *Wanchford* v. *Fotherley,* 2 Freem. 201; *Bird* v. *Blosse,* 2 Ventris, 361; *Cookes* v. *Mascall,* 2 Verm. 200; *O'Calla ghan* v. *Cooper,* 5 Ves. 117.

The following authorities were referred to for the tenant: Rev. Sts. c. 60, §§ 8, 9; Atherly on Marriage, 511–517; *Walker* v. *Walker,* 1 Ves. sen. 53; *M'Cartee* v. *Teller,* 2 Paige, 511; *Same Case,* 8 Wend. 274; 1 Roper, H. & W. 479; *Caruthers* v. *Caruthers,* 4 Brown's C. C. 500, (Perkins's ed.) 506, note; *Ward* v. *Ward,* 15 Pick. 511; *Sheldon* v. *Purple,* 15 Pick. 528; Clancy, H. & W. 221.

FLETCHER, J. This was a suit by the demandant, as the widow of Isaac Vincent, to recover dower in a certain messuage, of which the tenant, as the executor of Vincent, is in possession. It is admitted that the demandant was the lawful wife of Vincent, that during the coverture he was lawfully seized of the premises described in the writ, and died seized thereof, and that the demandant's demand to have dower assigned to her therein was duly made before the commencement of this suit. The tenant contends, that this suit cannot be maintained, for the reason, that, prior to the demandant's intermarriage with Isaac Vincent, she duly executed an ante-nuptial contract with him and one Valentine Bradford, as trustee, by the terms of which she accepted a certain pecuniary provision therein made for her out of the estate of her intended husband in lieu of dower.

It appeared, that, previous to the marriage, an indenture between Isaac Vincent, of the first part, Valentine Bradford, of the second part, and the demandant, by her then name of Sarah T. Cushman, of the third part, was executed, by which Vincent covenanted with Bradford, that if the marriage took place, and the plaintiff survived him, he would cause to be paid and secured to Bradford, by his last will or otherwise, the sum of one thousand dollars, to be paid within ten months after his decease, and would also cause to be paid or secured to Bradford the further sum of five hundred and fifty dollars, to be paid to him yearly, during the widowhood of the demandant, to be paid over to her instead and in satisfaction of dower, and of all distributive share in his personal estate. Bradford covenanted faithfully to execute the trusts, and the demandant covenanted and agreed, that the sum of one thousand dollars being provided to be paid and actually paid, and an annual sum of five hundred and fifty dollars being secured and provided to be paid, should be in full satisfaction and bar of her dower in his estate, and should also be a bar to her claiming or having any part of his personal estate.

Isaac Vincent deceased, having made his last will and testament, of which the tenant was duly appointed executor. Upon the tenant's assuming the trust of executor, he duly notified the demandant and Bradford, the trustee, of his readiness to perform all the stipulations of the ante-nuptial contract. Within ten months after the decease of Vincent, the tenant paid Bradford, the trustee, the sum of one thousand dollars, which was accepted by him and tendered to the demandant.

Within the ten months also, the tenant executed and delivered to Bradford a bond, with sufficient sureties, for the faithful and prompt payment of the annuity of five hundred and fifty dollars during the widowhood of the demandant; which bond was also fully secured by mortgage; and the bond and mortgage were accepted by Bradford, as such trustee, as sufficient security for the payment of the annuity.

Within one year from the decease of Vincent, the tenant paid the trustee the sum of five hundred and fifty dollars,

pursuant to the ante-nuptial contract, which was also accepted by the trustee and tendered to the demandant. Both sums, so tendered to the demandant, and not accepted by her, have been specially deposited in bank.

No reference was particularly made in the will of Isaac Vincent to the ante-nuptial settlement, but a general direction was therein given for the payment of debts and the performance of obligations.

At common law, a jointure made to a wife before or after marriage was no bar to her dower. By the statute of 27 Henry 8, *c.* 10, § 6, which had always been in force here before our revised statutes, no jointure is a bar of dower, unless it be a freehold estate in lands, tenements, or hereditaments, for the life of the wife at least, and which is to commence and take effect, in possession or profit, immediately on the husband's death. The demandant's action, therefore, would not be barred by the marriage settlement, either at common law, or by the statute of 27 Henry 8, *c.* 10. The defence to the action, therefore, rests wholly on the Revised Statutes, *c.* 60, §§ 8, 9. The eighth section of that chapter is taken mostly from the statute of 27 Henry 8, *c.* 10. The provision as to the assent of the wife, and the mode of signifying her assent when she is under age, is adopted from the revised code of New York. The ninth section is also adopted from the New York code. By this latter section it is provided, that any pecuniary provision that may be made for the benefit of the intended wife, and in bar of her dower, shall, if assented to by her, as provided in the preceding section, bar her right of dower in all the lands of her husband. In regard to this section, the commissioners for revising the statutes say : " The ancient distinction between real and personal estate is not much regarded by our present laws and usages, and it will often be found more convenient, and probably quite as secure for the widow, to have her income payable out of public stocks, or other personal estate, as to have it depend on the rents of real estate."

The only question in the present case, therefore, is, whether

40 *

by the ante-nuptial contract any pecuniary provision was made for the benefit of the demandant, the intended wife, in lieu of dower, and assented to by her in the manner provided by the statute. If such provision was made and assented to, then, by force of the statute, it bars her right of dower, and she cannot maintain this action. If no such provision was made and accepted, then, of course, she is entitled to her dower, and this action is well brought.

On the part of the demandant, it is maintained, that no such provision was in fact made ; that by the marriage contract it was optional, on the part of the husband, whether he would pay or secure to the demandant the sums of money mentioned ; that he was under no absolute obligation to do so, and in fact did not cause the sum of money mentioned to be paid or secured by his last will or otherwise, according to the provision of the marriage settlement ; and, therefore, that the demandant is not barred of her dower, which could only be effected by actually paying and securing the money, as provided in the marriage contract.

These positions, on the part of the demandant, if well sustained in fact, would no doubt establish her claim. But the facts by no means warrant or sustain these positions. By the marriage settlement, the husband had no option or election, whether he would or would not pay and secure the sums stipulated. He absolutely and unconditionally covenanted with the trustee, that he would by his last will or otherwise cause to be paid and secured, for the intended wife, the sums stipulated. The demandant expressly assented, that such sums, being paid and secured, should be in bar of her dower. The husband covenanted, that he would by his last will or otherwise cause the money to be paid and secured. He made no express or particular provision by his will. But it was not necessary that provision should be made by will. Any other mode was just as effectual. All that this marriage contract required, and all that the statute requires, is, that the pecuniary provision, which the intended wife assents to instead of dower, should be actually and effectually secured to

her. In the present instance, the indenture, constituting the marriage contract, was of itself a complete provision within the statute, and clearly fulfilled and accomplished the covenants on the part of the husband. This indenture absolutely bound the husband and his estate, and could be fully enforced against the latter in the hands of his executor. As there was ample estate, the husband did, therefore, in fulfilment of his covenant to cause the money to be paid and secured by his will or otherwise, cause it actually to be done by this indenture itself. In fact, the executor, admitting his liability, has fulfilled the covenant of the husband, to the letter, by paying and securing to the trustee, for the benefit of the wife, the sums which she assented to take in lieu of dower. The case, therefore, is clearly within the statute, and the demandant's claim of dower is barred by the pecuniary provision made for her benefit, and assented to by her; and, consequently, according to the agreement of the parties, a nonsuit must be entered.